

FILED
03/31/2022
Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA
Case Number: DA 21-0651

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## DA 21-0651

PETER GRIGG,

    Plaintiff and Appellant,

v.

ANDY COILE,

    Defendant and Appellee.

FILED

MAR 3 1 2022

Bowen Greenwood
Clerk of Supreme Court
State of Montana

O R D E R

This Court reviews briefs to ensure compliance with Rules 11 through 13 of the Montana Rules of Appellate Procedure. After reviewing the Appellant's opening brief filed on March 30, 2021, this Court has determined that the brief does not comply with the Rules and must be resubmitted.

M. R. App. 11(6)(a) requires the cover of the opening brief of the Appellant to be blue. For recycling purposes, pastel colors shall be used for brief covers. The cover of Appellant's opening brief is not blue.

M. R. App. 12(1)(a) requires a brief to contain a table of cases, statutes, and other authorities cited with references to the pages of the brief where they are cited. The table does not meet this requirement. The table of authorities in the brief contains incomplete citations to authorities and references to pages of the brief that do not exist. The table lists "US Constitutional Rights," "Montana Constitution," "OSHA," "Civil Rights act 1964," and "Montana Code Annotated" and references all authorities as cited on page 5. Appellant's brief is only three pages long. Furthermore, such citations are insufficient and do not inform the Court on what provisions of these sources of law the Appellant relies.

M. R. App. 12(1)(c) requires a statement of the case that "indicate[s] briefly the nature of the case and its procedural disposition in the court below." The contents of Appellant's Statement of the Case do not meet this requirement. The Statement of the Case does not indicate the nature of the case and its procedural disposition in the court

below.

M. R. App. 12(1)(d) requires a "statement of the facts relevant to the issues presented for review, with references to the pages or the parts of the record at which material facts appear. Appellant's brief does not contain a statement of facts with references to the district court record.

M. R. App. 12(1)(e) requires a "statement of the standard of review as to each issue raised, together with a citation of authority." Appellant's brief does not contain a statement of the standard of review with a citation of authority.

M. R. App. 12(1)(f) requires a summary of the argument, which "shall contain a succinct, clear, and accurate statement of the arguments made in the body of the brief." Appellant's brief does not contain a summary of the argument.

M. R. App. 12(1)(h) requires a "short conclusion stating the precise relief sought." The Conclusion does not state what relief Appellant seeks.

M. R. App. 12(1)(i) requires the Appellant to attach the relevant district court order from which the appeal is taken. The relevant order is not attached to the opening brief.

M. R. App. 13(2) requires that a signed original brief be filed with the Clerk of the Supreme Court. While Appellant's Certificate of Service is signed, there is no signature on the brief itself.

We note that this is the Appellant's sixth appeal to this Court within the last year and we have rejected his opening brief on at least three other occasions and informed him in some detail of the requirements of the Montana Rules of Appellate Procedure for briefs filed before this Court. Appellant previously has been provided a copy of the *Civil Handbook* for litigants proceeding before this Court without an attorney. As Appellant is self-represented, we have granted him some leeway in his prior filings. We caution Appellant that any future filings which fail to follow the Montana Rules of Appellate Procedure may subject the case to summary dismissal.
Therefore,

IT IS ORDERED that the original and seven copies of the referenced brief be returned for revisions necessary to comply with the specified Rules;

IT IS FURTHER ORDERED that a signed original and seven copies of the revised brief ordered herein be filed within ten (10) days of the date of this Order with the Clerk of this Court and that one copy of the revised brief be served on each counsel of record;

IT IS FURTHER ORDERED that the postage costs for returning the referenced copies of Appellant's brief will be billed to Appellant by the Clerk of this Court and shall be due and payable upon receipt; and

IT IS FURTHER ORDERED that the times for any subsequent briefing contained in M. R. App. P. 13 shall run from the date of filing of the revised brief.

The Clerk of this Court is directed to mail a true copy of this Order to counsel for Appellant and to mail a true copy of this Order to all counsel upon whom the brief was served.

DATED this 31st day of March, 2022.

For the Court,

By _____

Justice